CASE 43—INDICTMENT FOR FAILURE TO GIVE SIGNALS AT PUBLIC CROSSING.

# Illinois Central R. R. Co. v. Commonwealth.

### APPEAL FROM GRAYSON CIRCUIT COURT.

THE ILLINOIS CENTRAL R. R. CO. WAS CONVICTED FOR FAILING TO GIVE SIGNALS OF THE APPROACH OF A TRAIN TO A PUBLIC CROSSING—DEFENDANT APPEALS—AFFIRMED.

TRAIN INSIDE CITY LIMITS—CROSSING OUTSIDE.

Held: Under section 786, Kentucky Statutes, regulating the giving of signals at public crossings, outside of city limits, the required signal must be given within fifty rods of every crossing, outside the town or city, whether the engine when it arrives within fifty rods of the crossing is inside or outside of the limits of the town or city.

J. S. WORTHAM, ATTORNEY FOR APPELLANT.

1. The statute provides that "bell shall be rung or whistle sounded *outside* of incorporated cities or towns, etc." The converse of

this must be true, that such signals need not be given inside
'such limits.

2. A penal statute can not be extended by implication or construction;
it can not be made to embrace cases not within the letter, al-
though within the reason and policy of the law.

3. It is the Legislature, and not the court, which is to define a crime.
·Sutherland on Stat. Construction, secs. 349, 350; Bosley v. Mat-
tingly, 14 B. ᵢMon., 73; I. C. R.·R. Co. v. ᵢCom., 20 L. R., 748;
I.ᵢC. R.ᵢR. Co. ·v. Com., 20 ᴸL. R., 990; L. & N. R. R. Co. v. Com.,
13 Bush, 388; Kentucky ᵢStatutes, sec. 786.

PIRTLE & TRABUE, ATTORNEYS FOR APPELLANT.

1. It is totally inadmissible ·to ·extend the operation of ᵢa penal stat-
ute upon an inference or hypothesis that the Legislature has
overlooked some case when it would have provided for it, if
its attention had been called to it.

W. S. CHELF, COMMONWEALTH'S ATTORNEY, FOR APPELLEE.

1. The public crossing is the ·thing that this statute was intended
to protect, and the only reasonable construction of it is, that
the signals must be given at the required distance, whether the
engine at the time is outside or inside the town.

2. ᴬAll statutes shall be construed with a view to carry out the in-
tent of the Legislature. Kentucky Statutes, sec. 459.

OPINION OF ᵢTHE COURT BY JUDGE BURᵢNAM—AFFIRMING.

Appellant was indicted in the Grayson Circuit Court for
failing to give the signals required by section 786 of the
Kentucky Statutes of the approach of its south-bound
passenger train to the place where its track crosses the
public highway known as the "Leitchfield and Hartford
Road." The trial resulted in a verdict against appellant,
and this appeal is prosecuted from the judgment rendered
pursuant thereto, and involves the construction of the
section of the statute on which the indictment is pred-
icated, which reads as follows: · "Every ᵢcompany shall
provide each locomotive engine passing upon its road with
a bell of ordinary size, and steam whistle, and such bell
shall be rung or whistle sounded outside of incorporated

cities or towns at a distance of at least fifty rods from the place where the road crosses upon the same level any highway crossing, at which a sign-board is required to be maintained, and such bell shall be rung or whistle sounded continuously or alternately until the engine has reached such highway crossing, and shall give such signals in cities and towns as the legislative authorities thereof may require." It appears from the testimony that the crossing in question is a short distance outside of the limits of the town of Leitchfield, and that the track of appellant before reaching this crossing is for some distance within the city limits of the town, and that, when a locomotive engine coming from the north arrives within fifty rods of this crossing, it would be inside of the town limits, but that, when coming from the south, when it arrives within fifty rods of the same crossing it is outside of the town limits.

It is the contention of appellant that the statute does not require that the crossing signal should be given for this crossing on trains coming from the north, as the fifty rods before the crossing is reached is within the limits of an incorporated city. We do not think that the statute is susceptible of this construction. It provides that the bell shall be rung or whistle sounded at a distance of at least fifty rods from the place where the railroad crosses a public highway upon the same level at every crossing outside of incorporated cities and towns. Whether the engine when it arrives at the 50-rod limit is inside or outside of the limits of the town is immaterial. The fact determining the duty of the railroad company is the location of the crossing. Section 773 of the Kentucky Statutes provides that signal boards shall be erected and constantly maintained at each public highway where it

is crossed by the railroad at the same level, but that such boards need not be put up in cities or towns unless required by the legal authorities thereof. Inside of incorporated cities and towns, the statute leaves the character of signals to be given to the legislative authorities thereof; clearly showing the purpose of the Legislature to regulate the character of signals to be given at all crossings outside of incorporated cities and towns, and their further purpose to leave this matter to the authorities of the city where the crossings are within the town limits. As the instructions given upon the trial in the court below were in accordance with these views, the judgment is affirmed.